UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2019 SEP -6 AM 9:03

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19CR10332 |
| v. | Violations: |
| DAVID HEBERT, | Count One: Extortion Conspiracy (18 U.S.C. § 1951) |
| Defendant | Count Two: Extortion (18 U.S.C. § 1951) |
| | Count Three: False Statements (18 U.S.C. § 1001(a)(2)) |
| | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INFORMATION

COUNT ONE
(18 U.S.C. § 1951)
Extortion Conspiracy

The United States Attorney charges:

1. Between in or about July 2018 and September 2018, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

DAVID HEBERT,

and others known and unknown to the United States Attorney, did conspire to knowingly obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, HEBERT conspired with Fall River Mayor Jasiel F. Correia, II ("Correia") and others, to obtain money and property not due Correia or his office, from a marijuana vendor that did business in and affecting commerce ("MJ Vendor #3"), with MJ Vendor #3's consent, in exchange for non-

opposition letters and host community agreements to operate marijuana businesses in Fall River, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO
(18 U.S.C. § 1951)
Extortion; Aiding and Abetting

The United States Attorney further charges:

2. Between in or about July 2018 and September 2018, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

## DAVID HEBERT,

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, HEBERT, in concert with Correia and others, known and unknown to the United States Attorney, obtained money and property not due Correia or his office, from MJ Vendor #3, with MJ Vendor #3's consent, in exchange for non-opposition letters and host community agreements to operate marijuana businesses in Fall River, under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT THREE
(18 U.S.C. § 1001(a)(2))
False Statements

The United States Attorney further charges:

3. On or about January 15, 2019, in Boston, in the District of Massachusetts, the defendant,

DAVID HEBERT,

did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States; that is, HEBERT: (1) falsely stated that he was not involved in the approval and opening of any marijuana dispensaries in Fall River; and (2) falsely stated that he had never acted as a financial conduit for Correia.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

4. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1951, set forth in Counts One and Two of this Information, the defendant,

DAVID HEBERT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. $61,000, to be entered in the form of a forfeiture money judgment.

5. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: *[signature]*
Zachary R. Hafer
Assistant U.S. Attorney

Date: 9/6/19